IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| BRIAN KEITH ROBERTS, a/k/a JOHN GILBERT, | : : : | |
| Plaintiff, | : : | |
| VS. | : : | CASE NO. 5:14-CV-248-CAR-MSH |
| TOM GRAMIAK, WALTER BERRY, MABLE CHANEY, KENNETH McCLAIN, SGT. D. TEMPLE, and JASON WILLIAMSON, | : : : : | 42 U.S.C. § 1983 |
| Defendants. | : | |

## ORDER

*Pro se* Plaintiff Brian Keith Roberts has filed a civil rights complaint pursuant to 42 U.S.C. § 1983, while confined at Dooly State Prison in Unadilla, Georgia. (Doc. 1.) Plaintiff's Motion to Proceed *in forma pauperis* was previously granted and he was ordered to file a recast complaint. Plaintiff filed said complaint on August 20, 2014, and his claims are now ready for preliminary review.

### DISCUSSION

**I.    Standard of Review**

Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," this Court is required to conduct a preliminary screening of his Complaint. *See* 28 U.S.C. § 1915A(a). In so doing, the

district court must accept all factual allegations in the Complaint as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings, like the one in this case, are also "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Even so, a district court must dismiss a prisoner complaint after the initial review if: (1) it is "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) it "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B) (requiring the same of pleadings filed by parties proceeding *in forma pauperis*).

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A complaint is thus properly dismissed by the district court *sua sponte* if it is found to be "without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

When determining whether a complaint fails to state a claim, the Court must accept as true all facts set forth in the Plaintiff's complaint and limit its consideration to the pleadings and exhibits attached thereto. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *see also Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008) ("The standards governing dismissal under Rule 12(b)(6) apply to § 1915(e)(2)(b)(ii)."). "[A] complaint must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* Although the complaint must contain factual allegations that "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims, *id.* at 556, a complaint should not be dismissed "simply because 'it strikes a savvy judge that actual proof of those facts is improbable,'" *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 556).

To state a claim for relief under § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming court's dismissal of a § 1983 complaint because the factual allegations were insufficient to support alleged constitutional violation); *see also* 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in § 1915A "shall" be dismissed on

preliminary review).

## II.     Statement of Claims

In his Complaint, Plaintiff sues Dooly State Prison employees Warden Tom Gramiak, Deputy Warden Walter Berry, Deputy Warden Mable Chaney, Unit Manager Kenneth McClain, and CERT Team[1] Sergeant D. Temple, as well as inmate Jason Williamson. (Compl. p. 1; Doc. 1.)  Specifically, Plaintiff's complaint contends that on or about April 3, 2014, he awoke in his bunk to find fellow inmate Jason Williamson standing over him masturbating.  Plaintiff states that he notified the dorm officer and asked to use the phone to call "PREA,"[2] but was denied.  On April 5, 2014, Plaintiff again asked to use the phone to call "PREA" but was told the phone was broken. Plaintiff states that he then wrote to Warden Gramiak, Deputy Warden Berry, and Deputy Warden Chaney "advising them of the problem" but did not receive a response. Plaintiff alleges he also spoke with the "Inspection Team" every time they came into the "J-1" dorm but the problem was only acknowledged after he filed a grievance.

---

[1] The CERT Team is the Correctional Emergency Response Team which is made up of POST certified correctional officers who mobilize upon command at Georgia State Prisons to restore law and order within the facilities and assist all departmental staff with daily organizations and operations of the facilities.  *See* www.dcor.state.ga.us

[2] Plaintiff does not explain what the term "PREA" means but the Court assumes that Plaintiff is referring to the Prison Rape Elimination Act which was enacted to "provide for the analysis of the incidence and effects of prison rape in Federal, State, and local institutions and to provide information, resources, recommendations and funding to protect individuals from prison rape." *See* Prison Rape Elimination Act of 2003, 42 U.S.C. § 15601 *et seq.*

4

Plaintiff then claims that on April 30, 3014, he was assaulted by Sergeant Temple and other members of the CERT Team.  Plaintiff contends he was dragged out of his bed wherein he hit his face and head on the cement floor causing his lip and head to be "bust[ed]."  Plaintiff asserts he was dragged out of the cell by Sergeant Temple with his hands cuffed behind him and made to lie that way on the cold floor.  Plaintiff alleges he was denied all requests to receive medical attention for his injuries.

On May 9, 2014, Plaintiff alleges he was physically assaulted by inmate Jason Williamson while Officer Richardson, who is not named as a Defendant in this case, held Plaintiff's handcuffed hands behind his back and watched.  Plaintiff states he had continually been writing to Defendants Gramiak, Berry, Chaney, and McClain about his problems with inmate Jason Williamson and was physically assaulted "as a result."

On June 9, 2014, Plaintiff alleges he was sprayed with pepper spray "at the direction of Sergeant Temple" for stating that his life would be in grave danger if the CERT team forcibly housed him with a known Muslim who had been paid to assault Plaintiff.  Plaintiff again alleges he was denied any and all requests to receive medical attention.  As a result, Plaintiff alleges he "has suffered irreparable physical and emotional harm."  Plaintiff also alleges, without further elaboration, that he has a severe asthma problem.

Plaintiff later contends that back on April 21, 2014, he wrote a sworn statement to Tom Gramiak, Walter Berry, and Kenneth McClain, wherein he was immediately

locked in J-1 segregation and issued a "False Disciplinary Report." Plaintiff states he continues to be housed in J-1 to "cover up their Tottal (sic) Disreguard (sic) and abusive Authority for Plaintiff's Life & wellbeing." Plaintiff alleges that the Defendants have knowingly and willingly "Forced Housed" him with known gang members with the knowledge that there is a "Hit/Price" on his life. Plaintiff also states that he is housed in the J-1 Segregation Dorm to keep him from utilizing the law library. Plaintiff alleges he has been denied medical attention and continuously harassed, assaulted, and threatened by staff, administration, and prisoners. Plaintiff alleges the violation of his constitutional rights started the day he arrived at Dooly State Prison when Sergeant Temple told Deputy Warden Berry that "This Is Roberts the High Ranking Aryan we were told was Coming."

Plaintiff seeks punitive damages in the amount of $20,000 from each Defendant; declaratory judgment in the form of $20,000 from each Defendant; actual damages in an amount that the Court deems appropriate; a restraining order to be issued against each Defendant; and an Order transferring Plaintiff to any prison except Wilcox State Prison. Plaintiff also seeks an order allowing him to have a warrant taken against inmate Jason Williamson for assault.

### III.   Analysis

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), "the court shall dismiss the case at any time if the court determines that . . . the action or appeal – is frivolous or malicious." In

*Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998), abrogated on other grounds by *Jones v. Bock*, 549 U.S. 199 (2007), the Eleventh Circuit found that a case dismissed for abuse of the judicial process, "is precisely the type of strike [based on frivolousness or maliciousness] that Congress envisioned when drafting section 1915(g)." The Court's discretion to dismiss a case without prejudice pursuant to 1915(e)(2)(B)(i) has been exerted and upheld on multiple occasions. *See e.g. Schmidt v. Navarro*, -- F. App'x --, 2014 WL 3906465 (11th Cir. Aug. 12, 2014) (finding it was not an abuse of discretion by the District Court to dismiss § 1983 claim for abuse of the judicial process); *Redmon v. Lake Cnty. Sheriff's Office*, 414 F. App'x 221, 225-26 (11th Cir. 2011) (affirming the dismissal of a claim where prisoner abused the judicial process by misrepresenting his litigation history); *Shelton v. Rohrs*, 406 F. App'x 340, (11th Cir. 2010) (affirming the dismissal of suit without prejudice pursuant to 1915(e)(2)(B)(i) based on plaintiff's failure to disclose prior litigation); *Young v. Sec'y. Florida for Dep't. of Corrections,* 380 F. App'x 939 (11th Cir. 2010) (affirming the dismissal of civil rights case pursuant to 1915(e)(2)(B)(i) based on plaintiff's failure to disclose prior litigation).

In this case, even were the Court to find that Plaintiff has alleged colorable claims of constitutional violations, his case must be dismissed for abuse of the judicial process. Specifically, Plaintiff, who signed a court-provided complaint under penalty of perjury, answered "No" on the complaint when he was asked if he had "begun other lawsuits in state or federal court dealing with the same facts involved in this action or *otherwise*

7

*relating to your imprisonment.*" (Compl. p. 1) (emphasis added). "A district court may impose sanctions if a party knowingly files a pleading that contains false contentions." *Redmon*, 414 F. App'x at 225 (citing Fed. R. Civ. P. 11(c).) "[T]he court must make a finding of bad faith on the part of the litigant before imposing such sanctions." *In re Sunshine Jr. Stores, Inc.*, 456 F.3d 1291, 1304 (11th Cir. 2006). A party engages in bad faith by "delaying or disrupting the litigation or hampering enforcement of a court order." *Id.* (quotation and citation omitted). Furthermore, "[a]lthough *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys, a plaintiff's *pro se* status will not excuse mistakes regarding procedural rules." *Redmon*, 414 F. App'x at 225-26.

Plaintiff's failure to provide a complete list of his litigation history is found to be an abuse of process as his attempt to mislead the Court with regard to his litigation history in this case is egregious and knowing. Since entering the Georgia state prison system, Plaintiff, using the names "Brian K.Roberts," and the alias "John Gilbert"[3], has filed more than six previous § 1983 complaints which were ultimately dismissed.[4] It is found that Plaintiff's use of an alias in filing four of those complaints constitutes an attempt to mislead the Court. The Court thus finds that Plaintiff's failure to note the

---

[3] Both Brian K. Roberts and John Gilbert have the same Georgia Department of Corrections prison identification number of 630789.
*See http://www.dcor.state.ga.us/GDC/OffenderQuery/jsp/OffQryRedirector.jsp*
[4] *See Gilbert v. Sanders, et al.*, 5:96-cv-89-HL (M.D.Ga. Mar. 8, 1996); *Gilbert v. Lewis, et al.*, 7:00-cv-92-WDO (M.D.Ga. Jul. 24, 2000); *Gilbert v. Jones, et al.*, 5:01-cv-138- DF (M.D.Ga. Mar. 30, 2001); *Roberts v. Jones, et al.*, 6:01-cv-49-BAE-JEG (S.D.Ga. Mar. 30, 2001); *Roberts v. Mills*, 6:06-cv-60-WTM-JEG (S.D.Ga. June 6, 2006); *Roberts v. Smith, et al.*, 2:13-cv-242-WCO (N.D.Ga. Oct. 21, 2013).

previous § 1983 suits he had filed in this Court was done in bad faith. As such, his complaint must be **DISMISSED.**

## CONCLUSION

Having conducted a preliminary review of Plaintiff's complaint as required by 29 U.S.C. § 1915, the Court finds that Plaintiff's complaint and all claims for damages against the Defendants should be **DISMISSED.** For purposes of the three strikes provision of the Prison Litigation Reform Act (PLRA), the Court determines that its decision in this case is a strike against Plaintiff. *See* 28 U.S.C. § 1915(g) (Counting as strikes any action or appeal in federal court "that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted.").

SO ORDERED, this 18th day of September, 2014.

S/ C. Ashley Royal
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT

lws